MORRIS's Lessee *v.* NEIGHMAN. (*a*)

*Settlement.— Vacating warrant.*

The settlement required by the act of 1792, § 9, need not be made within the time prescribed therein, if the warrant-holder was, by force of arms, prevented from making such settlement, provided he persisted in his endeavors to effect it, after the removal of the force; and in that case, he has not incurred a forfeiture of his land.

Where a forfeiture of land, granted by the commonwealth, has been incurred, no advantage can be taken of it, except by the state, in the form directed by law.(*b*)

EJECTMENT for land on the north-west of the rivers Ohio and Allegheny and Conewango creek.

The plaintiff claimed under a warrant, dated the 4th of March 1793, on which a survey was executed, on the 12th of November, 1794; but he had made no endeavor to settle the land, until July 1796.

The defendant claimed as an actual settler, under a settlement commenced in the year 1796, prior to any attempt by the plaintiff; and upon a presumption that the plaintiff had incurred an absolute forfeiture of his rights, by not making a settlement within two years from the date of his warrant, according to the terms of the act of the 3d of April 1792. (3 Dall. Laws, 209.)   But—

By THE COURT.—In the charge to the jury, two points were expressly decided: 1st. That the plaintiff did not forfeit his rights, by not making a settlement within two years from the date of his warrant.   It is notorious, that an Indian war existed from the year 1790, until General Wayne's treaty, which was made on the 3d of August 1795, and ratified on the 23d of December 1795.   The ratification of this treaty is to be considered *210] as the *terminus à quo* *a man might safely begin a settlement on the western frontier of Pennsylvania; and if, after that epoch, actual settlers or grantees persisted in their endeavors to make a settlement, they would not incur a forfeiture of the land.   2d. That even if it were a case of forfeiture, no individual could take advantage of it, by entering on the land: the advantage could only be taken by the commonwealth, whose officers might issue new warrants, in the form prescribed by the act of assembly.

Verdict, accordingly, for the plaintiff.

*Ross,* for the plaintiff.   *Brackenridge* and *Young,* for the defendant.

---

(*a*) Tried at Pittsburgh circuit court, May 1800, before YEATES and SMITH, Justices. s. c. 2 Yeates 450; 2 Sm. Laws, 211, which are fuller reports of the case.

(*b*) See Ewalt's Lessee *v.* Highland, *a :te,* p. 161; Commonwealth *v.* Coxe, *ante,* p. 71; McLaughlin's Lessee *v.* Dawson, *post* p. 221, and the notes to these cases.